# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**James E. Stover,**
**Claimant Below, Petitioner**

**v.)** **No. 24-418** (JCN: 2019023164)
　　　　　　　(ICA No. 23-ICA-555)

**West Virginia Division of Highways,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner James E. Stover appeals the May 23, 2024, memorandum decision of the Intermediate Court of Appeals of West Virginia ("ICA"). *See Stover v. W. Va. Div. of Highways*, No. 23-ICA-555, 2024 WL 2381876 (W. Va. Ct. App. May 23, 2024) (memorandum decision). Respondent West Virginia Division of Highways filed a timely response.[1] The issue on appeal is whether the ICA erred in affirming the November 15, 2023, decision of the West Virginia Workers' Compensation Board of Review, which affirmed separate orders entered by the claim administrator: (1) denying authorization for a referral to the Lung Transplant Center at Duke University; (2) denying authorization for a non-invasive ventilation, trilogy portable ventilator; and (3) denying authorization for a lift device.

The claimant asserts that the Board of Review should have given the opinion of Charles Porterfield, D.O., more weight than the opinion of Rebecca Thaxton, M.D.,[2] as Dr. Porterfield has been treating the claimant for his lung conditions and is most familiar with his treatment needs. Thus, the claimant argues that this Court should reverse the ICA and grant the authorization requests. The employer counters by arguing that West Virginia Code of State Rules § 85-20-18.1 and 18.2 prohibit workers' compensation coverage for a lung transplant due to the claimant's cigarette smoking.[3] The employer argues that the medical evidence similarly shows that a portable

---

[1] The claimant is represented by counsel Reginald D. Henry and Lori J. Withrow. The employer is represented by counsel Alysia Kozlowski.

[2] After the denial of authorization of the lung transplant referral, the claim administrator asked Dr. Thaxton to review the authorization requests for a portable ventilator and a lift device. Dr. Thaxton recommended the denial of those requests for the same reason that the lung transplant referral was denied given that, based on the prior testimony of the Occupational Pneumoconiosis Board, all of the treatments are for the claimant's nonoccupational lung disease related to his history of cigarette smoking.

[3] West Virginia Code of State Rules § 85-20-18 provides:

ventilator and a lift device have been requested because of smoking-related diseases instead of occupational pneumoconiosis. Therefore, the employer argues that this Court should affirm the denials of authorization requests.

This Court reviews questions of law de novo, while we accord deference to the Board of Review's findings of fact unless the findings are clearly wrong. Syl. Pt. 3, *Duff v. Kanawha Cnty. Comm'n*, 250 W. Va. 510, 905 S.E.2d 528 (2024). Upon consideration of the record and briefs, we find no reversible error and therefore summarily affirm. *See* W. Va. R. App. P. 21(c).

Affirmed.

**ISSUED: April 22, 2025**

**CONCURRED IN BY:**

Chief Justice William R. Wooton
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice C. Haley Bunn
Justice Charles S. Trump IV

---

18.1. Transplants are not generally accepted or reimbursed by the Commission, Insurance Commissioner, private carrier or self-insured employer, whichever is applicable; however, requests are reviewed on a case-by-case basis. All transplants must be pre-approved by the Commission, Insurance Commissioner, private carrier or self-insured employer, whichever is applicable, prior to issuance of authorization.

18.2. Transplants which are needed, in whole or in part, because of an intervening cause, such as long term alcohol consumption, *smoking*, or other tobacco use shall be declined coverage by the Commission, Insurance Commissioner, private carrier or self-insured employer, whichever is applicable.

(Emphasis added.)